**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

```
                            :
PETER T. BEAUDRY,           :
      Appellant,            :
                            :
      v.                    :    No. 6:05-cv-893
                            :
MANUFACTURERS & TRADERS TRUST :
COMPANY,                    :
      Appellee.             :
                            :
```

**ORDER**

Peter T. Beaudry, Debtor-Appellant, brings this appeal from United States Bankruptcy Court for the Northern District of New York Chief Judge Stephen D. Gerling's Order dated June 3, 2005. In this Order, Chief Judge Gerling denied Beaudry's objection to the amended Proof of Claim filed by Manufacturers & Traders Trust Company ("M&T Bank"), Creditor-Appellee. The Court DISMISSES AS MOOT the appeal for the reasons set forth below.

**I. FACTS**

Beaudry and his wife, Melody Beaudry, jointly owned three properties on which M&T Bank held mortgages. In 1997, M&T Bank brought foreclosure actions on two of the properties because the Beaudrys were in default. Before the foreclosure sales were held, the Beaudrys filed a Chapter 11 petition for relief. Pursuant to this petition, a Plan of Reorganization was confirmed under which the M&T Bank claims were allowed. The plan provided that the bank's notes and mortgages be decelerated and re-

amortized, and that payments be made in 180 monthly installments at an interest rate of 8.25%. However, the debtors subsequently defaulted in their payments under the plan.

In 2003, M&T Bank re-initiated the two foreclosures, which had been stayed by the 1997 Chapter 11 petition, and also initiated a foreclosure on the third mortgage. Peter Beaudry filed a second Chapter 11 petition, again triggering an automatic stay under § 362(a) of the Bankruptcy Code. M&T Bank sought and received an order from Chief Judge Gerling lifting the automatic stay on October 29, 2003. M&T Bank proceeded with foreclosure proceedings in state court; in September and October of 2004, the court awarded the bank deficiencies with respect to each property, totaling approximately $200,000. M&T Bank then filed a Proof of Claim for the deficiencies in Beaudry's 2003 Chapter 11 proceeding. Beaudry objected to the bank's Proof of Claim. On June 3, 2005, the bankruptcy court denied Beaudry's objection and allowed the Proof of Claim.

While Beaudry's motion objecting to the Proof of Claim was pending, however, the U.S. Trustee moved to convert the Chapter 11 proceeding into a Chapter 7 proceeding. The bankruptcy court granted the motion on February 25, 2005. Beaudry sought to reconvert the proceeding into a Chapter 11 proceeding, but the court denied the motion on April 13, 2005. The court granted Beaudry a discharge under Chapter 7 on August 4, 2005.

2

## II. DISCUSSION

In this appeal, Beaudry seeks to disallow M&T Bank from entering its Proof of Claim in his Chapter 11 case and thereby to preclude any accounting for the deficiencies owed to the bank in the Chapter 11 Plan of Reorganization.  However, shortly before this appeal was taken, Beaudry's case was converted to Chapter 7. The bankruptcy court denied Beaudry's motion to reconvert the proceeding; although Beaudry could have challenged this decision, he chose not to.  Instead, he acquiesced and elected to pursue his remedies under Chapter 7.  His discharge under that chapter was completed well over two years ago.

"Article III requires that '[when] an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.'"  *In re Best Prods. Co.*, 68 F.3d 26, 30 (2d Cir. 1995) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 121 L. Ed. 2d 313, 113 S. Ct. 447, 449 (1992)).[1]  The conversion to Chapter 7 in this case constitutes precisely such an event.  Conversion of a bankruptcy proceeding

---

[1]  Within the bankruptcy context, equitable considerations may also moot a case.  Thus, even if relief may be fashioned, an appeal will be moot where "the implementation of that relief would be inequitable."  *In re Chateaugay Corp.* 988 F.2d 322, 325 (2d Cir. 1993).  In this case, the Court finds that no relief could be fashioned, equitable or otherwise.  Therefore, the Court does not need to engage in the five-factor analysis articulated in *In re Chateaugay Corp.*, 10 F.3d 944, 952-53 (2d Cir. 1993).

from one chapter to another generally moots any appeal taken from the original proceeding "because the factual predicates of the appeal are no longer relevant." *In the Matter of Mendy*, No. 03-521J2, 2003 U.S. Dist. LEXIS 15360, at *9 (E.D. La. 2003). *See also In re Campbell*, 36 Fed. Appx. 388, 390 (10th Cir. 2002) (dismissing as moot appeal from Chapter 13 proceeding after conversion to Chapter 7); *In re Roller*, 999 F.2d 346 (8th Cir. 1993) (dismissing appeal in Chapter 12 proceeding after conversion to Chapter 7); *In re J.B. Lovell Corp.*, 876 F.2d 96 (11th Cir. 1989) (dismissing appeal from Chapter 7 proceeding after conversion to Chapter 11); *In re Klein*, 77 B.R. 203 (N.D. Ill. 1987) (same); *In re Technical Fabricators, Inc.*, 65 B.R. 197 (S.D. Ala. 1986) (same).

The facts of this case exemplify the general rule. Beaudry brought this appeal seeking to exclude the deficiencies owed to M&T Bank from the Chapter 11 Plan of Reorganization. Following the conversion to Chapter 7, however, there was no longer any Plan of Reorganization. In fact, the conversion fundamentally transformed M&T Bank's rights as an unsecured creditor: under Chapter 7, the bank is entitled only to share in the distribution of Beaudry's non-exempt assets, if any such exist. Given the changed facts, there is no longer any negative impact on the Appellant. In both practical and procedural terms, there is no effective remedy that the Court could fashion even if Beaudry

4

were to prevail on the merits.  The case is moot based on the conversion to Chapter 7, and consequently the Court does not reach the merits of the appeal.

### III. CONCLUSION

For the foregoing reasons, the appeal is DISMISSED AS MOOT.


Dated at Burlington, Vermont this 7th day of December, 2007.


/s/ William K. Sessions III
William K. Sessions III[2]
Chief Judge


---

[2]Sitting in the Northern District of New York by designation.